## Commonwealth v. Wein.

*Assault and battery—Aggravated assault and battery—Alderman—Justice of the peace—Hearing and investigation—Prosecution reasonably well founded—Act of May 27, 1919.*

1. Assault and battery and aggravated assault and battery are separate and distinct offences, defined in different sections of the Criminal Code of March 31, 1860, P. L. 382.

2. The Act of May 27, 1919, P. L. 306, requiring the committing alderman, justice of the peace or magistrate in all prosecutions for assault and battery to enter into a full hearing and investigation, and to bind over the defendant only when he is satisfied from the evidence that the prosecution is reasonably well founded, was intended to encourage the settlement of minor offences in the office of the committing magistrate. It was not the intention of the legislature to extend the operation of that act to the more serious offence of aggravated assault and battery.

Motion in arrest of judgment. Q. S. Dauphin Co., June Sess., 1922, Nos. 12 and 13.

*Stroh & McCarrell,* for motion.

*Robert T. Fox,* Assistant District Attorney, contra.

WICKERSHAM, J., Oct. 9, 1922.—The indictment to No. 12, June Sessions, 1922, charges the defendant with assault and battery and aggravated assault and battery upon George F. Deiter; and the indictment to No. 13, June Sessions, 1922, also charges the defendant with assault and battery and aggravated assault and battery upon Pauline Deiter.

When these cases were called for trial, the defendant filed a motion in each case, moving the court to quash the indictments, first, because the committing alderman did not enter into a full hearing and investigation of the facts charged before he bound the defendant over to this court; second, the committing alderman bound the defendant over to this court without finding that he was satisfied from the evidence that the prosecution was reasonably well founded; and, third, the court is without jurisdiction. We overruled the motions, and directed the case to proceed to trial, with permission to the defendant to raise the same questions in a motion in arrest of judgment in the event that he was convicted. There was evidence produced at the trial by the Commonwealth which, if believed by the jury, would have supported a verdict of guilty of aggravated assault and battery. The jury, however, acquitted the defendant upon both indictments, but directed that he pay the costs.

This proceeding comes before the court upon a motion in arrest of judgment, wherein it is contended that we erred in refusing to quash the indictments. The contention of the defendant is based upon the 1st section of the Act of May 27, 1919, P. L. 306, which provides: "That in all cases of prosecution for assault, or assault and battery, the alderman, justice of the peace

2 D. & C.

or magistrate before whom such case is instituted shall, before he binds any person so charged over to the Court of Quarter Sessions, upon the oath of any complainant, enter into a full hearing and investigation of the facts, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

The information in each case charges the defendant with striking the prosecutor while driving an automobile, knocking him (or her) down and running over him (or her). This offence, if made out, as we have said, would constitute an aggravated assault and battery. Assault and battery is defined in section 97 of the Act of March 31, 1860, P. L. 382; aggravated assault and battery is defined in section 98 of the same act. They appear to be separate and distinct offences, not defined in the same, but in different sections of the act of assembly.

We think the plain intent of the Act of 1919 was to encourage the settlement of minor offences in the office of the committing magistrate, and, therefore, he is directed in such cases to enter into a full hearing and investigation of the facts charged, and only bind over the defendant to court when he is satisfied from the evidence that the prosecution is reasonably well founded. It was not the intention of the legislature that he should so proceed in the more serious offences. Aggravated assault and battery appears to be a more serious offence than assault and battery, in that, in the former, grievous bodily harm shall be inflicted upon any person, either with or without any weapon or instrument, to constitute the offence, while in the latter the offence is made out if the evidence shows that the defendant was guilty of the least touching of the prosecutor in a rude, angry or revengeful manner. We do not think aggravated assault and battery is included within the scope of the provisions of the Act of 1919, and, therefore, overrule the motion of the defendant and direct the district attorney to call him before the court for sentence.

From William Jenkins Wilcox, Harrisburg, Pa.